IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAY STEVEN HEIDE,

    **Petitioner,**

    v.                                                                         CASE NO. 21-3044-SAC

SECRETARY OF CORRECTIONS,

    **Respondent.**

## ORDER TO SHOW CAUSE

This matter is a *pro se* petition for writ of habeas corpus filed under 28 U.S.C. § 2254. Petitioner has filed a motion for leave to proceed *in forma pauperis*. (Doc. 6.) Because Petitioner has paid the filing fee, the Court denies the motion as moot. The Court also denies Petitioner's request for appointment of counsel (Doc. 5) and Motion for Summary Judgment and Preliminary Injunctive Relief (Doc. 9). The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Court directs Petitioner to show cause why this matter should not be dismissed.

**Background**

Petitioner alleges that he was sentenced in the District Court of Butler County in September 2013. Plaintiff alleges that he attempted to appeal, but the "Appellate Court will not accept an appeal without documentation of a filing, and court's decision/opinion." (Doc. 1–2, at 6.) Petitioner alleges that he attempted to file a state habeas under K.S.A. 60-1507, but the District Court of Butler County lost it. *Id.* at 7. In support, Petitioner attaches a request for the filing fee dated October 19, 2020, and a receipt for his filing fee dated November 19, 2020. *Id.* at 16, 18. In addition to his challenges to his state conviction, Petitioner claims that he has been

subjected to cruel and unusual punishment by being falsely charged as a child molester, resulting in him being attacked three times.

Petitioner filed the instant Petition under § 2254 on February 12, 2021. Petitioner seeks immediate release and punitive damages.

**Discussion**

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Under Supreme Court law, "direct review" concludes when the availability of direct

appeal to the state courts and request for review to the Supreme Court have been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The Rules of the U.S. Supreme Court allow ninety days from the date of the conclusion of direct appeal to seek certiorari. Sup. Ct. R. 13(1). "[I]f a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [his] direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires." *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003). The limitation period begins to run the day after a conviction becomes final. *See Harris v. Dinwiddie*, 642 F.3d 902, 906–07 n.6 (10th Cir. 2011).

> The statute also contains a tolling provision:
>
>> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.
>
> 28 U.S.C. § 2244(d)(2).

Finally, the one-year limitation period is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (2000) (citation omitted). This remedy is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include "for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 232 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S.

631, 651 (2010).  However, "[s]imple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808 (citation omitted).

Where a prisoner seeks equitable tolling on the ground of actual innocence, the prisoner "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536–37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The prisoner must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.  .

Plaintiff states that he was sentenced in Butler County District Court in September of 2013.  Petitioner claims that he attempted to appeal his conviction but was unsuccessful.  He attaches documentation to support his argument that he attempted to file a state habeas action in October or November of 2020, but he claims the petition was lost.

On online Kansas District Court Records search shows that Plaintiff has two criminal cases that were filed in 2013 in Butler County District Court.  In Butler County Case No. 2013-CR-000347, Plaintiff pleaded guilty to a felony drug offense on May 22, 2014, and was sentenced on July 17, 2014.   The docket does not reflect that an appeal was filed.

Plaintiff pleaded guilty on July 25, 2014, to aggravated indecent liberties with a child in Case No. 2013-CR-000619, in Butler County District Court, and was sentenced on September 18, 2014.  Plaintiff filed a Notice of Appeal on September 22, 2014. The docket for Case No. 2013-CR-000619 shows an entry on May 1, 2015, for "Order from Supreme Court of Kansas (Appeal is Closed)."  The mandate was filed on June 5, 2015, and the next entry on the docket is dated August 25, 2020, and is described as "Sent letter to defendant along with Motion

Case 5:21-cv-03044-SAC   Document 10   Filed 03/18/21   Page 5 of 8

he wanted to file due to the documents being two sided." Plaintiff then filed a Motion for Appeal Bond on October 1, 2020. Plaintiff filed another Notice of Appeal on October 26, 2020. Plaintiff then filed multiple motions and documents. On January 7, 2021, there is a docket entry stating that the court received two motions from defendant concerning a 60-1507, but no record exists that defendant has ever filed a 60-1507 with the court, and "Motions returned to defendant along with correspondence informing defendant of the non-existence of any such civil case."

The docket for the Kansas Appellate Courts shows an entry on February 13, 2015, for "Summary Disposition of Sentencing Appeal", and an entry on April 28, 2015, for "Dispositional Order of Sentencing Appeal/Aplnt sentence summ affrm'd under SCt R 7.041A(d). Appeal Closed." *State v. Heide*, Case No. 14-112740 (appeal of Butler County Case No. 13CR619).

Petitioner's limitations period for filing the instant habeas petition expired long before Petitioner attempted to file his state habeas. Furthermore, if a state habeas action is not timely filed, it does not qualify as a "properly filed application for State post-conviction or other collateral review" as required to toll the limitations period. Where a State post-conviction petition is rejected by the State court as untimely, it is not "properly filed" and does not toll the statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005); *Artuz v. Bennett*, 531 U.S. 4, 11 (2000).

The instant Petition is not timely and is subject to dismissal unless Petitioner can demonstrate grounds for equitable or statutory tolling. The Court directs Petitioner to show cause why his Petition should not be dismissed as barred by the statute of limitations.

Petitioner has also failed to allege exhaustion of state court remedies. A state prisoner must exhaust all available state-court remedies before pursuing federal habeas relief unless it appears

there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the petitioner's rights. *See* 28 U.S.C. § 2254(b)(1); *see also Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006) ("A state prisoner generally must exhaust available state-court remedies before a federal court can consider a habeas corpus petition."); *Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief). Petitioner must show good cause why his Petition should not be dismissed for failure to exhaust state court remedies.

Petitioner claims that he has been subjected to cruel and unusual punishment by being falsely charged as a child molester, resulting in him being attacked three times by other inmates. Petitioner also seeks punitive damages. Petitioner's claim relating to his conditions of confinement and request for punitive damages are not properly brought in a habeas action. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973). Before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994). If Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*. In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 487.  In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order.  *Id*. at 486–87.  Plaintiff has not alleged that the conviction or sentence has been invalidated.

Petitioner has also filed a request for appointment of counsel.  The request is denied. Petitioner has no constitutional right to counsel in a federal habeas corpus action.  *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).  Rather, the decision whether to appoint counsel rests in the discretion of the court.  *Swazo v. Wyoming Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994).  A court may appoint counsel if it "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).  Where an evidentiary hearing is not warranted, appointment of counsel is not required.  *See Engberg v. Wyo*., 265 F.3d 1109, 1122 n.10 (10th Cir. 2001) (affirming denial of appointed counsel for habeas petitioner where no evidentiary hearing was necessary); *see also* Rules Governing § 2254 Cases, Rule 8(c), 28 U.S.C.A. foll. 2254 ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A.").  The Court has not determined that an evidentiary hearing is warranted at this time.

Considering Petitioner's claims, his ability to present his claims, and the complexity of the legal issues involved, the Court finds appointment of counsel in this matter is not warranted. *See Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) ("In determining whether to appoint counsel, the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to

present his claims, and the complexity of the legal issues raised by the claims."). Petitioner's motion is denied.

Petitioner has also filed a motion for summary judgment and preliminary injunctive relief (Doc. 9), requesting to be released on bond until his habeas case is decided. The Court denies the motion. Petitioner's habeas petition is subject to dismissal unless Petitioner shows good cause why it should not be dismissed. Any request for summary judgment or injunctive relief is premature.

**IT IS THEREFORE ORDERED THAT** Petitioner's motion for leave to proceed *in forma pauperis* (Doc. 6) is **denied as moot.**

**IT IS FURTHER ORDERED THAT** Petitioner's motion to appoint counsel (Doc. 5) is **denied.**

**IT IS FURTHER ORDERED THAT** Petitioner's Motion for Summary Judgment and Preliminary Injunctive Relief (Doc. 9) is **denied.**

**IT IS FURTHER ORDERED THAT** Petitioner is granted until **April 16, 2021,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why his Petition should not be dismissed.

**IT IS SO ORDERED**.

**Dated March 18, 2021, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**