## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JAY STEVEN HEIDE,

      Petitioner,

      v.                                             CASE NO. 21-3044-SAC

SECRETARY OF CORRECTIONS,

      Respondent.

## ORDER

This matter is a *pro se* petition for writ of habeas corpus filed under 28 U.S.C. § 2254. On March 18, 2021, the Court entered an Order to Show Cause (Doc. 10) ("OSC") granting Petitioner until April 16, 2021, in which to show good cause why his petition should not be dismissed. This matter is before the Court on Petitioner's response (Doc. 11).

The Court found in the OSC that this action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d), and the instant Petition is not timely and is subject to dismissal unless Petitioner can demonstrate grounds for equitable or statutory tolling. The Court directed Petitioner to show cause why his Petition should not be dismissed as barred by the statute of limitations.

The Court found that Petitioner's limitations period for filing the instant habeas petition expired long before Petitioner attempted to file his state habeas. Furthermore, if a state habeas action is not timely filed, it does not qualify as a "properly filed application for State post-conviction or other collateral review" as required to toll the limitations period. Where a State post-conviction petition is rejected by the State court as untimely, it is not "properly filed" and

does not toll the statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005); *Artuz v. Bennett*, 531 U.S. 4, 11 (2000).

In his response, Petitioner argues the underlying claims in his Petition, and then states that he is ignorant of the law, has no funds to hire counsel, and it is a manifest injustice to deprive someone of their life, liberty, and future property.  Petitioner's response fails to show good cause why his Petition should not be dismissed as barred by the statute of limitations.  The one-year limitation period is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (2000) (citation omitted).  This remedy is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).  Circumstances that warrant equitable tolling include "for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 232 F.3d at 808 (internal citations omitted).  Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling.  *Holland v. Florida*, 560 U.S. 631, 651 (2010).  However, "[s]imple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808 (citation omitted).

Where a prisoner seeks equitable tolling on the ground of actual innocence, the prisoner "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536–37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The prisoner must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy

eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. .

The Court also found in the OSC that Petitioner has also failed to allege exhaustion of state court remedies.  A state prisoner must exhaust all available state-court remedies before pursuing federal habeas relief unless it appears there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the petitioner's rights. *See* 28 U.S.C. § 2254(b)(1); *see also Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006) ("A state prisoner generally must exhaust available state-court remedies before a federal court can consider a habeas corpus petition."); *Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief).  Petitioner has failed to show good cause why his Petition should not be dismissed for failure to exhaust state court remedies.

The Court also found that Petitioner's claims relating to his conditions of confinement and request for punitive damages are not properly brought in a habeas action.  "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."  *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973).  Before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question.  *Heck v. Humphrey*, 512 U.S. 477 (1994).  If Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*.  Plaintiff has not alleged that the conviction or sentence has been invalidated.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability ("COA") upon entering a final adverse order.  A COA may

issue only if the petitioner made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The failure to satisfy either prong requires the denial of a COA.  *Id*. at 485.  The Court finds nothing in the present record that suggests its ruling is debatable or an incorrect application of the law and therefore declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED THAT** the Petition is dismissed as barred by the statute of limitations.

**IT IS FURTHER ORDERED** that no Certificate of Appealability will issue.

**IT IS SO ORDERED**.

**Dated April 20, 2021, in Topeka, Kansas.**

**s/ Sam A. Crow**
**Sam A. Crow**
**U.S. Senior District Judge**

4