IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAY STEVEN HEIDE,

    Petitioner,

v.                          CASE NO. 21-3044-SAC

SECRETARY OF CORRECTIONS,

    Respondent.

## ORDER

This matter is a *pro se* petition for writ of habeas corpus filed under 28 U.S.C. § 2254. On April 20, 2021, the Court dismissed the Petition as barred by the statute of limitations. (Docs. 12, 13.) On July 27, 2021, Petitioner filed a Notice of Appeal (Doc. 14). This matter is before the Court on Petitioner's Motion for Appointment of Counsel (Doc. 15).

The Court denies Petitioner's request for appointment of counsel. Petitioner has no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, the decision whether to appoint counsel rests in the discretion of the court. *Swazo v. Wyoming Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). A court may appoint counsel for a § 2254 petitioner if it "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Where an evidentiary hearing is not warranted, appointment of counsel is not required. *See Engberg v. Wyo.*, 265 F.3d 1109, 1122 n.10 (10th Cir. 2001) (affirming denial of appointed counsel for habeas petitioner where no evidentiary hearing was necessary); *see also* Rules Governing § 2254 Cases, Rule 8(c), 28 U.S.C.A. foll. 2254 ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A.").

The Court dismissed the Petition as barred by the statute of limitations and denied a certificate of appealability. (Doc. 12, at 4.) The Court finds that considering Petitioner's claims, his ability to present his claims, and the complexity of the legal issues involved, the appointment of counsel in this matter is not warranted. *See Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) ("In determining whether to appoint counsel, the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.").

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Appointment of Counsel (Doc. 15) is **denied.**

**IT IS SO ORDERED**.

**Dated August 2, 2021, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**